## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **MONTGOMERY COUNTY** | * | |
| **REPUBLICAN CENTRAL COMMITTEE,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| **v.** | * | Case No. RWT 15-cv-00845 |
| | * | |
| **MICHAEL HIGGS, *et al.,*** | * | |
| | * | |
| Defendants. | * | |

## ORDER

On March 26, 2015, Adol T. Owen-Williams, Jr. ("Owen-Williams"), who does not name himself as a plaintiff, filed a "Complaint for Emergency Restraining Order and for Judicial Review for Court Ordered Audit by the State Republican Party and Show Cause Hearing to Invalidate the Central Committee Leadership Election of November 11, 2014" ("Complaint"), ECF No. 1, purportedly on behalf of named Plaintiff Montgomery County Republican Central Committee ("MCRCC").[1]   In the Complaint, which is unsworn and not accompanied by an affidavit, Owen-Williams seeks an emergency, *ex parte* order from this Court that would: (1) invalidate MCRCC's November 11, 2014 election results; (2) require the Maryland State Republican Central Committee  to conduct a financial audit of MCRCC's records; (3) prohibit Defendants from having access to any MCRCC assets; (4) suspend financial decisions and appointments made by any MCRCC member elected at the November 11, 2014 election; and (5) transfer MCRCC assets to the Maryland State Republican Central Committee.  ECF Nos. 1-6.

To obtain a temporary restraining order or preliminary injunction, a party must satisfy the factors set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), and

---

[1] Although the named Plaintiff is MCRCC, the Complaint was filed *pro se*.  This violates Local Rule 1.a. of this Court, which provides that "[a]ll parties other than individuals must be represented by counsel."

further articulated by the Fourth Circuit in *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 345-47 (4th Cir. 2009), *vacated on other grounds*, 130 S. Ct 2371 (2010), *remanded to* 607 F.3d 355 (4th Cir. 2010) ("reissu[ing] Parts I and II of our earlier opinion in this case, 575 F.3d at 345-347, stating the facts and articulating the standard for the issuance of preliminary injunctions [and] remand[ing] the case to the district court for consideration of" other matters).  In order to obtain such relief, Plaintiff "must establish" that: (1) it is "likely to succeed on the merits"; (2) it is "likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips" in its favor; and (4) an "injunction is in the public interest."  *Winter*, 555 U.S. at 20.  "[A]ll four requirements must be satisfied" for the Court to grant such relief.  *The Real Truth About Obama, Inc.*, 575 F.3d at 346.

The Court concludes that Plaintiff has wholly failed to make the necessary showing here. The Complaint is so confusing and broad that Plaintiff is unlikely to succeed on the merits. Since Plaintiff is looking to invalidate election results from November, and the individuals elected have already taken office, there is little danger of irreparable harm in the absence of emergency relief.  Finally, there is no discussion of the balance equities or how emergency relief would be in the public interest.  All four *Winter* requirements must be met, yet none is met here.

Moreover, in addition to denying the request for emergency relief, the Complaint will be dismissed because it does not comply with federal pleading requirements.  In pertinent part, Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing entitlement to relief."  To satisfy this rule, the complaint must contain "enough facts to state a claim that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  As an initial matter, although MCRCC is the named Plaintiff, the Complaint is, in reality, a complaint brought by Owen-Williams.  As far as the Court can tell,

Owen-Williams is not an attorney for MCRCC, is not a member of MCRCC, and does not in any other way possess the authority required to initiate a lawsuit on behalf of MCRCC.   That Owen-Williams is purporting to bring a lawsuit on behalf of an organization without any authority to do so is reason enough to dismiss the Complaint out of hand.[2]

In addition, the Complaint is nonsensical and fails to state any plausible grounds for relief.  For example, the Complaint contains allegations of financial mismanagement and fraud, but fails to allege any facts whatsoever that would demonstrate entitlement to relief.[3]  ECF No. 1 at 5.  What substance there is in the Complaint is hopelessly confusing.  There are allegations that violations of "the Roberts Rule" have led to violations of "the First Amendment of the U.S. Constitution so as to unlawfully obtain positions of authority and furthermore abuse said authority."  *Id.* at 6.  There are citations to Maryland Rules that have no application whatsoever to this Court.  *Id.* at 7.  It goes on.  Allegations in a complaint must "give the defendant fair notice   what   the   plaintiff's   claim   is   and   the   grounds   upon   which   it   rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Complaint here fails to do so, because it can barely be understood.  The Court will not require Defendants to attempt to mount a defense to a complaint that is impossible to comprehend.

Accordingly, it is this 30th day of March, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that Plaintiff's Complaint for Emergency Restraining Order and for Judicial Review for Court Ordered Audit by the State Republican Party and Show Cause Hearing to Invalidate the Central Committee Leadership Election of November 11, 2014 [ECF No. 1], is **DENIED**; and it is further

---

[2] Because Owen-Williams has failed to establish his authority to act on behalf of MCRCC, the Motion for Leave to Proceed *in forma pauperis*, ECF No. 2, will also be denied.

[3] Nor is fraud pled with the required particularity.  Fed. R. Civ. Proc. 9(b).

**ORDERED**, that Plaintiff's Motion for Leave to Proceed *in forma pauperis* [ECF No. 2] is **DENIED**; and it is further

**ORDERED**, that this action is **DISMISSED** without prejudice; and it is further

**ORDERED**, that the Clerk is **DIRECTED** to close this case; and it is further

**ORDERED**, that the Clerk is **DIRECTED** to mail a copy of this Order to Adol T. Owen-Williams, Jr.

        /s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
